Case 1:13-cv-01699-MSK   Document 1   Filed 06/27/13   USDC Colorado   Page 1 of 17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

MICROSOFT CORPORATION, a Washington corporation,

    Plaintiff,

v.

DISCOUNT MOUNTAIN, INC., a Colorado corporation, and
MATT LOCKWOOD, an individual,

    Defendants.

---

**COMPLAINT FOR (1) FEDERAL COPYRIGHT INFRINGEMENT; (2) FEDERAL TRADEMARK INFRINGEMENT; (3) FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND FALSE REPRESENTATION; (4) VIOLATION OF 18 U.S.C. § 2318, et seq.; (5) COMMON LAW UNFAIR COMPETITION; (6) IMPOSITION OF A CONSTRUCTIVE TRUST; (7) AN ACCOUNTING; AND INJUNCTIVE RELIEF**

---

Microsoft Corporation ("Microsoft") brings this action against Defendants Discount Mountain, Inc., a Colorado corporation ("Discount Mountain"), and Matt Lockwood, an individual, (collectively "Defendants") alleging that they engaged in copyright and trademark infringement, false designation of origin, false description and representation, violation of the Anti-Counterfeiting Amendments Act of 2004 –18 U.S.C. § 2318, *et seq*. and unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1.    Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington. Microsoft develops, markets, distributes and licenses computer software.

2. Upon information and belief, defendant Discount Mountain is a Colorado corporation which does business on the Internet and in Denver, Colorado. Discount Mountain is engaged in the business of advertising, marketing, installing, offering, and distributing computer hardware and software and related components, including purported Microsoft software and related components.

3. Upon information and belief, defendant Matt Lockwood, an individual, is an owner, operator, officer, shareholder, and/or otherwise controls Discount Mountain. Upon information and belief, Matt Lockwood resides and transacts substantial business in this district. Upon information and belief, Matt Lockwood (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and (c) derived direct financial benefit from that wrongful conduct.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement, and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of the State of Colorado pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the wrongful conduct alleged occurred in the District of Colorado and (b) Defendants may be found in the District of Colorado.

## FACTS COMMON TO ALL CLAIMS

7. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on discs, and they are

packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, Certificate of Authenticity labels and other related components.

8. Microsoft Certificates of Authenticity labels are currency-like certificates or labeling components that are distributed with Microsoft Windows software programs in order to help end-users verify whether they have genuine Microsoft software.

9. Microsoft Windows 7:  Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows 7 ("Windows 7").  Windows 7 is an operating system for desktop and laptop systems.  Microsoft holds a valid copyright in Windows 7 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Windows 7, bearing the number TX 7-009-361, is attached hereto as Exhibit 1 and is incorporated by reference.

10. Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

    A. "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

    B. "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

    C. WINDOWS, Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit; and

    D. COLORED FLAG DESIGN, Trademark Registration No. 2,744,843, for computer software;

True and correct copies of the Trademark Registrations for A through D above are attached hereto as Exhibits 2 through 5, respectively, and are incorporated by reference.

### Defendants' Wrongful Conduct

11. Defendants advertised, marketed, installed, offered and distributed unauthorized and/or illicit copies of Microsoft software and related components after Microsoft warned them of the consequences of such conduct.

12. On information and belief, Defendants advertise that they distribute Microsoft software and related components, and in their advertisements, Defendants misappropriate and/or infringe Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks and/or service mark.

13. The Microsoft software and related components distributed by Defendants are actually counterfeit, infringing and/or illicit.

14. By means including letters dated May 2009, December 2009, and November 2010, Microsoft notified Defendants that they were infringing Microsoft's intellectual property rights by distributing unauthorized Microsoft software and related components and warned them of possible illegal and/or infringing conduct.

15. Nevertheless, in August, October and November 2011 and February, March, July, and August 2012, Defendants distributed to their customers counterfeit Windows 7 Certificate of Authenticity labels.

16. In March, May, July and October 2012, Defendants distributed to their customers Windows 7 Certificate of Authenticity labels that had been altered and were distributed without the Microsoft software they were intended to accompany.

17. In August 2012, Defendants distributed to an investigator a counterfeit Windows 7 Certificate of Authenticity label, as well as a Windows 7 Certificate of Authenticity label that

had been altered and was distributed without the Microsoft software it was intended to accompany.

18. In December 2012, Defendants distributed to an investigator a counterfeit reinstallation CD for Windows 7 and two Windows 7 Certificate of Authenticity labels that had been altered and were distributed without the MS software they were intended to accompany.

19. In January 2013, Defendants distributed to an investigator a counterfeit reinstallation CD for Windows 7 and two Windows 7 Certificate of Authenticity labels that had been altered and were distributed without the MS software they were intended to accompany.

20. On information and belief, these are not isolated incidents. Rather, Defendants have been and continue to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit, infringing and/or illicit Microsoft's software and/or related components to unidentified persons or entities.

21. On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft and are continuing to violate the Anti-Counterfeiting Amendments Act of 2004 –18 U.S.C. § 2318, *et seq*. On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks and service marks.

22. On information and belief, Microsoft has been harmed by Defendants' activities, including their advertising activities and unauthorized use of Microsoft's copyright protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing.

### FIRST CLAIM FOR RELIEF
*Copyright Infringement –17 U.S.C. § 501,* **et seq.**
**(Against All Defendants)**

23. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 22, inclusive.

24. Microsoft is the sole owner of Microsoft Windows 7 and of the corresponding copyright and Certificate of Registration.

25. Defendants have infringed the copyrights in Microsoft's software, including but not limited to, Microsoft Windows 7, by advertising, marketing, installing, offering, and/or distributing infringing materials in the United States of America without approval or authorization from Microsoft.

26. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

27. As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement. 17 U.S.C. § 501. Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

28. In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

29. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

30. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
*Trademark Infringement—15 U.S.C. § 1114*
**(Against All Defendants)**

31. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 30, inclusive.

32. Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to, 15 U.S.C. § 1114(1).

33. Because Microsoft advertises, markets, distributes, and licenses its software and related components, such as Certificate of Authenticity labels, under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software and related components are distinguished from the software and related items of others in the same or related fields.

34. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software programs and related components, or services of Microsoft.

35. The infringing materials that Defendants have and are continuing to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

36. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, offering, and/or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

37. Upon information and belief, Defendants advertised, marketed, installed, offered or distributed infringing material with the purposes of misleading or confusing customers and the

public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation.

38. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

39. As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement. 15 U.S.C. § 1114(1). Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 15 U.S.C. § 1117(a).

40. In addition, because of Defendants' infringement of Microsoft's trademarks and service mark as described above, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b). Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

41. Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, installed, offered or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A). Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

42. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
*False Designation of Origin, False Description,*
*and Representation of Microsoft Packaging—15 U.S.C. § 1125, et. Seq.*
**(Against all Defendants)**

43. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 42, inclusive.

44. Because Microsoft advertises, markets, distributes, and licenses its software and related components such as Certificate of Authenticity labels, under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software and related components are distinguished from the software and related components or products of others in the same field or related fields.

45. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public, to signify software and related components or services of Microsoft.

46. Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs and related components.

47. Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with their goods and services.

48. Upon information and belief, Defendants engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, installed, offered or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of

origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

49. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

50. As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, installed, offered or distributed by Defendants. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

**FOURTH CLAIM FOR RELIEF**
*Violation of the Anti-Counterfeiting*
*Amendments Act of 2004 –18 U.S.C. § 2318,* **et seq.**
**(Against Discount Mountain Inc.)**

51. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 50, inclusive.

52. Discount Mountain knowingly trafficked, and on information and belief, continue to traffic in illicit labels, in violation of 18 U.S.C. § 2318.

53. Discount Mountain, without Microsoft's authorization, distributed or intended for distribution Certificates of Authenticity labels without the copies of the software programs that such certificates or labeling components were intended by Microsoft to accompany.

- 11 -

54. Microsoft has no adequate remedy at law for Discount Mountain's wrongful conduct, and Discount Mountain's wrongful conduct is likely to continue unless restrained and enjoined.

55. Microsoft is entitled to injunctive relief and to an order impounding all articles in the custody or control of Discount Mountain that the Court has reasonable cause to believe were or are involved in the trafficking of counterfeit or illicit Certificate of Authenticity labels.

56. As a result of Discount Mountain's wrongful conduct, Microsoft has suffered and will continue to suffer damages.

57. In addition, Microsoft should as the injured party be awarded attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
*Colorado Common Law Unfair Competition*
**(Against All Defendants)**

58. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 57, inclusive.

59. The acts and conduct of Defendants as alleged above in this complaint constitute unfair competition in Colorado at common law.

60. Defendants' activities are likely to confuse the public into believing that the items being offered or distributed by Defendants are sponsored, approved or authorized by Microsoft in violation of Microsoft's rights under the common law of unfair competition of the State of Colorado.

61. As a result of Defendants' conduct as alleged above, Microsoft has suffered and will continue to suffer losses and damages in an amount to be determined according to proof.

62. Because much of the damage suffered by Microsoft as a result of Defendants' conduct is and will be irreparable, for which Microsoft has no adequate remedy at law, Microsoft is further entitled to injunctive relief.

### SIXTH CLAIM FOR RELIEF
*Imposition Of A Constructive Trust Upon Illegal Proceeds And Profits*
**(Against All Defendants)**

63. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 62, inclusive.

64. Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing and/or illicit materials as genuine Microsoft software or related components approved or authorized by Microsoft.

65. By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

66. Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

67. Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

### SEVENTH CLAIM FOR RELIEF
*Accounting*
**(Against All Defendants)**

68. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 67, inclusive.

69. Microsoft is entitled, pursuant to 17 U.S.C. § 504, 15 U.S.C. § 1117 and 18 U.S.C. § 2318, *et seq.*, to recover any and all profits of Defendants that are attributable to their wrongful conduct.

70.     Microsoft is entitled, pursuant to 17 U.S.C. § 504, 15 U.S.C. § 1117 and 18 U.S.C. § 2318, *et seq.*, to actual damages or statutory damages sustained by virtue of Defendants' wrongful conduct.

71.     The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing and/or illicit material advertised, marketed, installed, offered or distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1)     That the Court enter a judgment against Defendants as indicated below:

(a)     that Defendants have willfully infringed Microsoft's rights in the following federally registered copyright, in violation of 17 U.S.C. § 501:

(1)     TX 7-009-361 ("Windows 7");

(b)     that Defendants have willfully infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

(1)     1,200,236 ("MICROSOFT");

(2)     1,256,083 ("MICROSOFT");

(3)     1,872,264 ("WINDOWS"); and

(4)     2,744,843 (COLORED FLAG DESIGN);

(c)     that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

(d)     that Defendants have violated the Anti-Counterfeiting Amendments Act of 2004 –18 U.S.C. § 2318, et seq.;

(e)     that Defendants have violated Colorado common law; and

- 13 -

(f) that Defendants have otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendants, and that Defendants, their directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a) imitating, copying, or making any other infringing use or infringing distribution of the software programs, components, end user license agreements ("EULA"), certificates of authenticity ("COAs") and/or items protected by Copyright Certificate Registration Nos.:

(1) TX 7-009-361 ("Windows 7");

or the software programs, components and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

(1) 1,200,236 ("MICROSOFT");

(2) 1,256,083 ("MICROSOFT");

(3) 1,872,264 ("WINDOWS"); and

(4) 2,744,843 (COLORED FLAG DESIGN);

and any other items or works now or hereafter protected by any Microsoft trademark or copyright;

(b) trafficking in counterfeit or illicit labels, as defined by 18 U.S.C. § 2318, and

(c) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or item bearing any simulation,

- 14 -

reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Sections (2)(a) above;

    (d) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, EULA, COA, and/or item not authorized or licensed by Microsoft;

    (e) using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

    (f) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

    (g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

    (3) That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software

and/or materials bearing any of Microsoft's trademarks or service mark, and any related item, including business records, that is in Defendants' possession or under their control;

(4) That the Court enter an order of impoundment, pursuant to 18 U.S.C. § 2318(f)(2), impounding all articles in the custody or control of Defendants that the Court has reasonable cause to believe were or are involved in the trafficking of counterfeit or illicit Certificate of Authenticity Labels, and any related items, including business records, that are in Defendants' possession or under their control;

(5) That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

(6) That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

(a) Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2);

(b) Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark;

(c) Microsoft's damages and Defendants' profits, pursuant to 18 U.S.C. § 2318(f)(3), for Defendants' knowing trafficking in counterfeit and illicit Certificate of Authenticity Labels, or, in the alternative, statutory damages, pursuant to 18 U.S.C. § 2318(f)(4);

(d) Microsoft's damages and Defendants' profits pursuant to Colorado common law.

(7) That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(8) That the Court grant to Microsoft such other and additional relief as is just and proper.

Dated this 27th day of June 2013.

*s/ Michael A. Sink*
Michael A. Sink
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: msink@perkinscoie.com

ATTORNEY FOR PLAINTIFF
MICROSOFT CORPORATION

Address of Plaintiff:
One Microsoft Way
Redmond, WA 98052