IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01699-RPM

MICROSOFT CORPORATION,

    Plaintiff,

v.

DISCOUNT MOUNTAIN, INC., and
MATT LOCKWOOD,

    Defendants.

## STIPULATED PROTECTIVE ORDER

    IT IS HEREBY STIPULATED and agreed by and between counsel for Plaintiff Microsoft Corporation and Defendants Discount Mountain, Inc., and Matt Lockwood, that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

    1.    This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents or subpoena, answers to interrogatories, responses to requests for admissions and all other discovery taken in this matter pursuant to the Federal Rules of Civil Procedure, as well as all documents produced in response to informal discovery requests, and testimony adduced at trial, matters in evidence and computerized records (collectively, "RECORDS") which a party or third-party (hereinafter, a "disclosing party") designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

    2.    In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," a disclosing party shall make such a designation of

CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for RECORDS which that disclosing party in good faith believes (i) contain trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential, (ii) contain confidential personal or financial information which the party takes appropriate steps to keep confidential, or (iii) contain other information which the party is otherwise required to keep confidential by agreement or law. For a designation of RECORDS as "RESTRICTED MATERIAL," the disclosing party must additionally believe in good faith that information contained in the RECORDS is or rises to a level of a trade secret, or consists of other proprietary information that has been protected in the manner of a trade secret and must be protected from disclosure to the non-disclosing party and must be subject to the restricted disclosure provided for below.

3. RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

    a. the attorneys working on this action on behalf of any party, including in-house attorneys;

    b. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

    c. any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, and the employees, directors or officers of any insurers to parties to this action, to the extent necessary to further the interest of the parties in this litigation;

    d. any attorneys, and their paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, who

are retained to evaluate insurance coverage, including in-house attorneys, applicable to the claims alleged in this action.

  e. any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist as an expert in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

  f. any witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

  g. the Court.

4. RECORDS designated as "RESTRICTED MATERIAL" may be disclosed only to the following persons:

  a. the attorneys working on this action on behalf of any party, including the Microsoft in-house anti-piracy litigation attorneys who are directly involved in supervising the investigation, preparation and litigation of this case for the Plaintiff Microsoft;

  b. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

  c. any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist as an expert in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

  d. any witnesses employed by the disclosing party who appear for deposition or trial in this matter, during the course of their testimony, upon the

witness being advised of the need and agreeing to keep the RECORDS confidential; and

    e.    the Court.

5.    For the purposes of this Protective Order, 'experts engaged to assist in trial preparation' as set forth in paragraphs 3(e) and 4(c) shall include both non-testifying experts retained pursuant to Fed.R.Civ.P. 26(b)(4)(B) and testifying experts disclosed pursuant to Fed.R.Civ.P. 26(a)(2). The persons described in paragraphs 3(e) and 4(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." ACKNOWLEDGEMENTS shall be available for inspection by the Court and opposing counsel upon request, except for ACKNOWLEDGEMENTS executed by experts retained pursuant to Fed.R.Civ.P. 26(b)(4)(B). The other persons described in paragraphs 3 and 4 shall have access to the CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGEMENT." ACKNOWLEDGMENTS shall also be executed with respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided by third parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, each party shall provide a copy of the pertinent aforementioned ACKNOWLEDGEMENTS upon the request of any other party, except for ACKNOWLEDGMENTS executed by experts retained pursuant to Fed.R.Civ.P. 26(b)(4)(B), which shall be available only pursuant to court order and only upon a showing of compelling need therefore. The persons receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL hereunder are enjoined from disclosing it to any other person, except in conformance with this Order. This Stipulation will not

require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

6. Each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL hereby agrees to and does subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

7. The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

8. Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL as follows:

    a. In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL." In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have five (5) business days after discovering such error to so stamp or otherwise designate the RECORD.

    b. In the case of RECORDS produced pursuant to Rule 45 of the Federal Rules of Civil Procedure, designation shall be made by informing the other parties, within five (5) business days after production of such RECORDS,

that the disclosing party is designating particular RECORDS as containing "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL." During the five (5) business days following the production of RECORDS by a third party, such RECORDS may only be disclosed to those persons set forth in paragraph 4.

  c. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

  d. Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, the transcript shall bear the appropriate legend on the caption page and shall be filed in accordance with D.C.COLO.L.CivR. 7.2.

9. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the disclosing party written notice of its disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis, such as by telephone conference or an in-person meeting, which shall occur within five (5)

business days of notice of disagreement with a designation. If the parties are unable to resolve the dispute, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with the required notice. The burden of proving that RECORDS have been properly designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the party making such designation.

10. All RECORDS and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such RECORDS, shall be filed in accordance with D.C.COLO.L.CivR. 7.2.

11. In the event that any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is used in any court proceedings in connection with this litigation, it shall not lose its CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12. Nothing in this order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

13. Nothing in this order shall preclude any party to the lawsuit or their attorneys from: (a) showing RECORDS designated as CONFIDENTIAL MATERIAL or

RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

14. Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the disclosing party or shall be destroyed. Notwithstanding the provisions of this paragraph, counsel for any party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, and work product.

15. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the disclosing party.

16. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

IT IS SO ORDERED:

Dated: October 31, 2013

BY THE COURT:

*[signature]*
Richard P. Matsch
United States District Judge

APPROVED:

s/Katherine M. Dugdale
Katherine M. Dugdale
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399
KDugdale@perkinscoie.com

Michael A. Sink
PERKINS COIE LLP
1899 Wynkoop Street, Suite 700
Denver, Colorado 80202-1043
msink@perkinscoie.com
Phone: (303) 291-2300
Fax: (303) 291-2400

*Attorneys for Plaintiff Microsoft Corporation*

s/ John R. Mann
John R. Mann
KENNEDY CHILDS P.C.
633 17th Street, Suite 2200
Denver, Colorado 80265
jmann@kennedychilds.com
(303) 825-2700
Fax: (303) 825-0434

Thomas E. Moore, III
Royse Law Firm, P.C.
1717 Embarcadero Road
Palo Alto, CA 94303
tmoore@rroyselaw.com

*Attorneys for Defendants Discount Mountain, Inc., and Matt Lockwood*

## **A C K N O W L E D G E M E N T**

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2013 in *Microsoft Corp. v. Discount Mountain, Inc. et al.*, Civil Action No. 13-cv-01699-RPM, that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.  The undersigned further consents to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated: _____, 201__